UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-CR-52-HAB |
| | ) | |
| MARVIN E. OLIVA DEL CID | ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion for Authorization to Exceed CJA Expert Fees (ECF No. 41), filed on April 15, 2021. In his motion, Defendant asks the Court to authorize payment of an invoice for translation services in the amount of $1,362.20. Defendant does not speak English and, as such, "interpreter services are vital in the adequate representation of the Defendant." (*Id*. at 1).

Payment of CJA invoices for expenses "other than counsel" are governed by 18 U.S.C. § 3006A(e)(2). The statute provides:

> (A) Counsel appointed under this section may obtain, subject to later review, investigative, expert, and other services without prior authorization if necessary for adequate representation. Except as provided in subparagraph (B) of this paragraph, the total cost of services obtained without prior authorization may not exceed $800 and expenses reasonably incurred.

> (B) The court, or the United States magistrate judge (if the services were rendered in a case disposed of entirely before the United States magistrate judge), may, in the interest of justice, and upon the finding that timely procurement of necessary services could not await prior authorization, approve payment for such services after they have been obtained, even if the cost of such services exceeds $800.

As of February 15, 2019, the compensation maximum was increased to $900. *Guide to Judiciary Policy, Vol 7 Defender Services, Part A Guidelines for Administering the CJA and Related Statutes, Chapter 3: Authorization and Payment for Investigative, Expert, or Other Services*, § 310.20.30(A) Limitations on Services without Prior Authorization.

The Court cannot, on the information contained in the motion, authorize the requested expenditure. Because the invoice exceeds the amount for which services can be obtained without prior authorization, Defendant needs to demonstrate that "timely procurement of necessary services could not await prior authorization." 18 U.S.C. § 3006A(e)(2)(B). The motion contains no information that would allow the Court to make this required filing.

For the foregoing reasons, Defendant's Motion for Authorization to Exceed CJA Expert Fees (ECF No. 41) is DENIED without prejudice to refiling.

SO ORDERED on April 20, 2021.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT